IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 13-271 |
| | ) | |
| STEVEN MENSAH YAWSON | ) | |

OPINION

DIAMOND, S.J.

On October 8, 2013, a grand jury returned a fourteen-count indictment against Steven Mensah Yawson ("defendant") charging him at count one with conspiracy to commit access device fraud, identity theft and money laundering; at counts 2-4 with aggravated identity theft; and, at counts 5-14 with money laundering.

Presently before the court are the following pretrial motions filed by defendant: (1) motion to compel production of Brady material (Document No. 22); (2) motion for timely disclosure of Jencks material (Document No. 23); (3) motion to compel the government to designate recordings it intends to use at trial (Document No. 24); and, (4) motion to compel the government to disclose evidence it intends to use under F.R.E. 404(b) and 609 (Document No. 25).

The government has filed an omnibus response to all of the pre-trial motions. In addition, the government has filed a motion for reciprocal discovery. (Document No. 30).

Motion to Compel Production of *Brady* Material

Defendant has filed a motion to compel production of exculpatory and impeachment material as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v Giglio, 405 U.S. 150 (1972). This motion will be granted in part and denied in part.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act and materials available pursuant to the "Brady doctrine." Id.

In Brady, the Supreme Court held that the prosecution violates due process when it suppresses evidence favorable to the defendant that is material either to guilt or punishment. 373 U.S. at 87. Accordingly, the government has an obligation to disclose such evidence, United States v. Moreno, 727 F.3d 255, 262 (3d. Cir. 2013), and "[t]his includes both directly exculpatory evidence and impeachment evidence." United States v. Walker, 657 F.3d 160, 184-85 (3d Cir. 2011)(citing United States v. Bagley, 473 U.S. 667 (1985)(impeachment as well as exculpatory evidence falls within Brady rule). In Giglio, the Supreme Court held that a promise made to a government witness that he would not be prosecuted if he cooperated was relevant to the credibility of that witness and that non-disclosure of that evidence violated due process. Accordingly, under Giglio, "the government must disclose materials that go to the question of guilt or innocence as

AO 72
(Rev. 8/82)

well as materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Friedman, 658 F.3d 342, 357 (3d Cir. 2011).

In response, the government has acknowledged its obligations under Brady and its progeny, as well as Fed.R.Crim.P. 16(a). As to Brady exculpatory evidence, the government indicates that it is unaware of the existence of any exculpatory Brady material pertaining to defendant but recognizes its continuing obligation to disclose should any such evidence come to light. As to any potential impeachment information regarding any prosecution witness, the government states that it will disclose any witness' criminal history and any other evidence, such as bias, cooperation agreements, plea agreements but requests that it not be required to do so until 3 days prior to trial. Defendant, however, asks that this information be disclosed at least 10 days and no later than 30 days before trial.

While the failure to timely disclose exculpatory evidence is not *ipso facto* reversible error so long as the defendant is not "prevented by lack of time to make needed investigation," United States v. Vella, 414 Fed. Appx. 400, 409 (3d Cir. 2011), exculpatory evidence nevertheless should be disclosed without undue delay. United States v. Kaplan. 554 F.2d 577, 580-81 (3d Cir. 1977)(delayed disclosure of exculpatory evidence is "not desirable and we do not encourage it"). Therefore, while the government indicates it currently is unaware of any exculpatory evidence, should any such evidence be discovered, the court will require the government to disclose it immediately upon becoming aware of it. United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) ("[t]he district court may dictate by court order when Brady material must be disclosed").

While Brady impeachment material ordinarily need be disclosed only "in time for its effective use at trial," United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983), the Third Circuit

3

AO 72
(Rev. 8/82)

Court of Appeals also encourages adherence to a long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." Starusko, 729 F.2d at 261 (quoting Higgs, 713 F.2d at 44, n.6). Given the nature of this case, the court believes that disclosure of Brady impeachment material no later than two weeks prior to trial will be sufficient to protect the due process rights of the defendant and to ensure that trial delay is avoided.

As the government is cognizant of its discovery obligations, and has stated its intent to fulfill those obligations if it already has not done so, defendant's Brady motion will be granted in part and denied in part, and the following order will be entered:

1) The government shall disclose all Brady exculpatory material forthwith or immediately upon its discovery;

2) The government shall disclose all Brady impeachment material and Rule 16(a) material no later than two weeks prior to trial;

3) The government shall disclose all Jencks material in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material at least two weeks but no later than 3 days prior to trial;

4) To the extent defendant requests additional information not discoverable under Rule 16, Brady or the Jencks Act, the motion is denied.

### Motion for Early Disclosure of Jencks Act Materials

Defendant also has filed a motion seeking timely disclosure of materials falling within the purview of the Jencks Act, 18 U.S.C. §3500 and asks that these materials be turned over no later than 30 days in advance of trial.

The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement ... of the witness in the possession of the

AO 72
(Rev. 8/82)

United States which relates to the subject mater as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).

Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

As there is no authority by which this court can compel the government to provide Jencks Act statements prior to the time any government witness has testified on direct examination at trial, defendant's request for early disclosure of Jencks material will be denied. However, the government has indicated its willingness to turn over any Jencks materials to the defendant no later than 3 days prior to trial. The court routinely recommends that the government turn over Jencks material no later than two weeks prior to trial and believes that disclosure under that time frame is reasonable and will be sufficient to avoid any unnecessary trial interruptions. Accordingly, the court's order will *encourage*, but not compel, the government to provide any Jencks materials to the defense at least two weeks but no later than 3 days prior to trial. See Maury, 695 F.3d at 248 n. 18 (recognizing that "[d]espite [§3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies").

AO 72
(Rev. 8/82)

### Motion to Compel the Government to Designate Recordings it Intends to Use at Trial

Defendant's third motion asserts that as part of the investigation the government obtained "a huge number of recorded jailhouse conversations, surveillance videos and photographs." The defendant requests that the government be directed to designate which of these audio recordings, video recordings and photographs it intends to use in its case in chief.

In response, the government indicates that it has yet to identify and mark specifically which video and audio recordings it will use at trial, but that once they are identified, it will engage in pre-trial conversations with defense counsel regarding their use at trial and as to any stipulations regarding their admissibility.

As the government has no objection to the pretrial designation of recordings, defendant's motion will be granted and the government will be ordered to designate all such recordings no later than 2 weeks prior to trial.

### Motion to Exclude Evidence of Defendant's Prior Convictions or Bad Acts

Defendant's final motion requests an order compelling the government to disclose any evidence it intends to use at trial under Rules 404(b) and 609 of the Federal Rules of Evidence. This motion will be granted.[1]

---

[1] While granting defendant's request that the government be compelled to provide notice of any evidence it intends to offer under F.R.E. 404(b) and 609, the court cannot at this time make any ruling as to the admissibility of any such evidence. As a general rule "objections as to the admissibility of prior bad acts under Rule 404(b) are properly asserted during trial, not at the pretrial stage." United States v. Giampa, 904 F.Supp. 235, 284 (D.N.J. 1995). Similarly, this court is in no position to make a pretrial ruling on the admissibility of any prior convictions under Rule 609 outside the context of trial. See e.g. United States v. Luce, 469 U.S. 38, 41 (1984)(in order to perform balancing of probative value of a prior conviction against prejudicial effect, the court must know the precise nature of the defendant's testimony).

AO 72
(Rev. 8/82)

While "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident," provided that, upon request by the defendant, the government must provide reasonable notice in advance of trial, or during trial for good cause, of the general nature of any such evidence it intends to introduce at trial. Fed.R.Evid. 404(b).

Evidence is admissible under Rule 404(b) if: (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. United States v. Vega, 285 F.3d 256, 261 (3d Cir. 2002)(*citing* Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

In its response, the government indicates that it has yet to determine what potential 404(b) evidence it may seek to use against defendant, but that it will provide formal notice of its intent to use any such evidence at least 2 weeks prior to trial. While Rule 404(b) provides no specific time limit for pretrial notice, this time frame is more than sufficient to constitute reasonable notice. Other courts that have considered what constitutes "reasonable notice" have concluded that even shorter periods of time are sufficient notice under the rule. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

7

Rule 609(a)(1)(B) provides that, for the purpose of attacking a testifying defendant's character for truthfulness by evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable in the convicting jurisdiction by death or imprisonment for more than one year must be admitted if the court determines that the probative value of that evidence outweighs its prejudicial effect to the defendant. The rule also provides that evidence that any witness has been convicted of any crime must be admitted, regardless of punishment, "if the court can readily determine that establishing the elements of the crime required proving - or the witness's admitting - a dishonest act or false statement." F.R.E. 609(a)(2).

The only advance notice requirement under Rule 609 is that the government must provide "reasonable advance written notice" of its intent to use the evidence if 10 years have passed since the conviction or release from confinement for it, whichever is later. Fed.R.Evid. 609(b). In its response, the government indicates that it already has provided defendant with a copy of his criminal history, which reveals a prior conviction in this district, and other possible state criminal convictions, and that in the event defendant testifies or introduces evidence of good character, it will seek to introduce evidence of these convictions pursuant to Rule 609.

## Government's Motion for Reciprocal Discovery

The government has filed a motion for reciprocal discovery seeking: (1) disclosure of materials falling within the purview of Fed.R.Crim.P. 16(b)(1); (2) any statement of any witness that the defendant intends to call at trial under Fed.R.Crim.P. 26.2; and, (3) notice of any alibi defense under Fed.R.Crim.P. 12.1(a)(1), insanity defense or expert evidence of a mental condition under Fed.R.Crim.P. 12.2(a) and (b) and/or of a public authority defense under Fed.R.Crim.P. 12.3.

8

First, the government's motion requests all evidence and information which is required to be disclosed pursuant to Fed.R.Crim.P. 16(b)(1). That rule provides for reciprocal disclosure by the defendant of documents and objects (Rule 16(b)(1)(A)), reports of examinations and tests (Rule 16(b)(1)(B)), and written summary of expert witness testimony (Rule 16(b)(1)(C)).[2] The court will grant the government's motion and order that all information and evidence to which the government is entitled under Rule 16(b)(1) be disclosed no later than two weeks prior to the scheduled trial date.

The government's motion also requests, pursuant to Fed.R.Crim.P. 26.2, that defendant produce any statements, as defined in Rule 26.2(f), of any witness that defendant intends to call at trial. Rule 26.2 essentially incorporates into the rules of criminal procedure the substance of the Jencks Act, 18 U.S.C. §3500, and was designed to place the disclosure of prior relevant statements of a defense witness in the possession of the defense on the same legal footing as the disclosure of prior statements of prosecution witnesses in the hands of the government. See Advisory Committee Notes to Fed.R.Crim.P. 26.2.

As does the Jencks Act, Rule 26.2 directs that statements falling within the rule shall be disclosed, upon motion of the party that did not call the witness, "[a]fter a witness other than the defendant has testified on direct examination." Fed.R.Crim.P. 26.2(a)(emphasis added); 18 U.S.C. §3500(a). Just as there is no authority by which a court can order the government to provide Jencks Act statements to the defendant prior to the time a government witness has testified on

---

[2] Pursuant to Fed.R.Crim.P. 16(b), disclosure is required only if the defendant first requests disclosure of like evidence under Rule 16(a)(1)(E) for documents and objects, Rule 16(a)(1)(F) for reports of examinations and tests, or Rule 16(a)(1)(G) for summaries of expert witness testimony. Defendant's motion to compel production of Brady materials indicates that the request is being made pursuant to the Due Process Clause and Fed.R.Crim.P. 16(a)(1).

9

direct examination at trial, there likewise is no authority suggesting that a court can order a defendant to provide Rule 26.2 statements to the government prior to the time a defense witness has testified on direct examination at trial. However, as with defendant's request for early disclosure of Jencks Act statements, this court will enter an order encouraging, but not requiring, that defendant disclose any statements falling within the scope of Rule 26.2 at least two weeks but no later than 3 days prior to trial.

Finally, the government's request for notice of any alibi defense, insanity defense, expert evidence of a mental condition, and public authority defense under Fed.R.Crim.P. 12.1-12.3 will be granted, and an order will be entered requiring defendant to notify the government of any such defenses no later than 30 days prior to trial.

An appropriate order will follow.

Date: July 10, 2014

Gustave Diamond
United States District Judge

cc: Gregory C. Melucci
Assistant U.S. Attorney

Lee Markovitz, Esq.
310 Grant Street
Suite 1220
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)